UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH M.,[1]

      Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

Case No. 24-11628

Magistrate Judge David R. Grand
Honorable Laurie J. Michelson

---

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS [19] AND
ADOPTING REPORT AND RECOMMENDATION [17]**

---

On June 21, 2024, Plaintiff Kenneth M. brought this lawsuit pursuant to 42 U.S.C. § 405(g), challenging the final decision of the Commissioner of Social Security who denied his application for disability insurance benefits. The case was referred to Chief Magistrate Judge David R. Grand for all pretrial proceedings (ECF No. 9), including the parties' cross motions for summary judgment (ECF Nos. 12, 14). Recently, Judge Grand issued a report and recommendation to grant the Commissioner's motion for summary judgment (ECF No. 14) and deny the Plaintiff's (ECF No. 12). Now before the Court are Plaintiff's timely objections. (ECF No. 19.) Because the Court agrees with Judge Grand that the Commissioner committed no

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

reversible error in this case, the Court will overrule the objections and adopt the report and recommendation.

## I.

On February 9, 2021, Kenneth M., Jr., applied for disability insurance benefits under Title II of the Social Security Act, alleging he became disabled on June 1, 2019. (ECF No. 6-1, PageID.228–229.) He claimed that he suffered from neck, back, and shoulder pain that had been increasing for several years and was exacerbated by a rear-end car accident in 2018. (*Id*. at PageID.411.) Plaintiff's claim was initially denied by the Commissioner on September 4, 2021 (*id*. at PageID.122) and again denied upon reconsideration on October 14, 2021 (*id*. at PageID.134). Thereafter, Plaintiff requested a hearing before an administrative law judge ("ALJ"). (*Id*. at PageID.153–154.) On February 2, 2023, Plaintiff and his counsel appeared before the ALJ. (*Id*. at PageID.60–90.)

In a written decision, the ALJ found that Plaintiff was not disabled, and thus not entitled to disability benefits, from June 1, 2019 (Plaintiff's alleged onset date) through March 1, 2023 (the date of the ALJ's decision). (*Id*. at PageID.46–55.) More specifically, the ALJ found that Plaintiff had the ability to perform medium work "except frequent, not constant, pushing and pulling with the dominant right upper extremity; frequent, not constant, stooping, kneeling, crouching, crawling, climbing stairs and ladders; and frequent, not constant, overhead reaching with the dominant right upper extremity." (*Id*. at PageID.50.) While the ALJ found that Plaintiff was unable to perform any of his past relevant work (*id*. at PageID.53), he found that

2

there were other jobs that exist in significant numbers in the national economy that Plaintiff could perform, including store laborer, meat clerk, and industrial cleaner (*id.* at PageID.54). Thus, the ALJ determined that Plaintiff was not disabled as defined by the Social Security Act. (*Id.* at PageID.55.)

The ALJ's decision became the final agency decision on May 7, 2024, when the Appeals Council reviewed and affirmed the ALJ's findings. (*Id.* at PageID.27–35.) Plaintiff then timely filed for judicial review of the final decision. (ECF No. 1.) The parties subsequently filed competing motions for summary judgment. (ECF Nos. 12, 14.) On May 30, 2025, Judge Grand issued a report and recommendation to deny the Plaintiff's motion for summary judgment (ECF No. 12) and grant the Commissioner's motion (ECF No. 14). Now before the Court are Plaintiff's objections to the report and recommendation. (ECF No. 19.) The issues are adequately briefed and do not require further argument. *See* E.D. Mich. LR 7.1(f).

## II.

When a party objects to a magistrate judge's report and recommendation, a district judge reviews *de novo* those portions to which the party has objected. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). The Court has no obligation to review un-objected to issues. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 (1985); *Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012); *see also Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) ("The district court need not provide de novo review where the objections are frivolous, conclusory or general. The parties have the duty to pinpoint those portions of the magistrate's

report that the district court must specially consider." (cleaned up)). To that end, the Court must review at least the evidence that was before the magistrate judge, then may accept, reject, or modify the findings and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981); Fed. R. Civ. P. 72(b)(3). The Court may adopt the magistrate judge's report without specifying what it reviewed. *Abousamra v. Kijakazi*, 656 F. Supp. 3d 701, 705 (E.D. Mich. 2023) ("If the court will adopt the R&R, then it may simply 'state that it engaged in a *de novo* review of the record and adopts the [R&R]' without 'stat[ing] with specificity what it reviewed.'" (alterations in original) (quoting *United States v. Robinson*, 366 F. Supp. 2d 498, 505 (E.D. Mich. 2005))).

## III.

Plaintiff makes two objections: that Judge Grand (1) was wrong to find no reversible error in the ALJ's statement that Dr. Serra's physical examination findings were "essentially within normal limits"[2] and (2) erred in finding that the ALJ complied with 20 C.F.R. § 404.1529(c)(4) where the ALJ failed to properly evaluate Plaintiff's subjective complaints. (*See generally* ECF No. 19.)

As a threshold matter, the Court notes that while Plaintiff's arguments are now framed as objections to Judge Grand's report and recommendation, they are the exact same arguments that Plaintiff already made in his motion for summary judgment. (*See* ECF No. 12, PageID.504 ("1. The ALJ failed to adequately evaluate

---

[2] Dr. Joseph Serra performed the Plaintiff's consultative physical examination (ECF No. 6-1, PageID.411–415) as requested by the Social Security Administration, *see* 20 C.F.R. §§ 404.1519, 416.919.

and sufficiently explain his consideration of the opinion of Joesph B. Serra, M.D. . . . 2. The ALJ violated 20 C.F.R. § 404.1529 . . . .").) But an "objection" that merely "restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). And "[m]erely expressing disagreement with the conclusion reach by the Magistrate Judge is not sufficient to adequately state an objection." *Smith v. Comm'r of Soc. Sec.*, No. 15-13149, 2016 WL 4727473, at *2 (E.D. Mich. Sept. 12, 2016) (citing *Peacock v. Comm'r of Soc. Sec.*, No. 15-572, 2016 WL 2997429, at *1 (W.D. Mich. May 25, 2016)). In any event, this Court will briefly address why Plaintiff's objections are unpersuasive.

Judge Grand's report thoroughly detailed the consultative examination and resulting opinions of Dr. Serra—so the Court need not recite them again here. In reviewing Dr. Serra's opinions, the ALJ wrote that (1) "Dr. Serra found the claimant's physical examination was essentially within normal limits" and (2) Dr. Serra's functional assessment that Plaintiff should be "limited to light exertional work" was "not persuasive" because "it was based solely on the claimant's subjective complaints that were not supported by the normal physical examination findings during the one-time examination on 08/2021, and his opinion was inconsistent with Dr. Williams' opinion." (ECF No. 6-1, PageID.53.)

Plaintiff takes issue with the ALJ's characterization that his physical exam was "essentially within normal limits" because, in his view, it was not. (ECF No. 12,

5

PageID.516, ECF No. 19, PageID.580.) And Plaintiff objects that Judge Grand attempted to paper over this inaccuracy by finding that the "ALJ's use of the term 'essentially' eliminates any potential error in the analysis." (ECF No. 19, PageID.580.)

That is a mischaracterization of Judge Grand's analysis. First, Judge Grand recognized that Dr. Serra's observation of Plaintiff's "tenderness, limited range of motion, and discomfort" was not "normal," but went on to explain that "the ALJ's use of the term 'essentially,' by definition, acknowledges that Dr. Serra's physical exam findings were not 'entirely' or 'all' within normal limits." (ECF No. 17, PageID.563–564.) And when viewed in full context, Judge Grand reasoned, it could "be reasonably discerned that the ALJ recognized and accounted for these findings, but determined that they were minimal compared to the majority of normal physical findings." (*Id.* at PageID.564.)

But Judge Grand did not, as Plaintiff suggests, simply hang his hat on the word "essentially." He also explained that the "ALJ's characterization of Dr. Serra's physical exam is not inconsistent with those of both state agency physicians, Dr. G. Williams, M.D., and Dr. H. Pham, M.D." (*id.*), who both found that, save for some tenderness and decreased range of motion, Plaintiff's physical exam was within normal limits (*see* ECF No. 6-1, PageID.117 (Dr. Williams) (finding that there was "some tenderness cervical and lumbar spines, mild decreased [range of motion] of both" and "[r]ight shoulder minimal tenderness" but that the "[r]emainder of the exam was normal with normal gait and 5/5 muscle strength throughout"); *id.* at

PageID.131 (Dr. Pham) (finding that Dr. Serra's assessment was "over restrictive in comparison to the evidence in file" and that Plaintiff "has a normal [range of motion] aside from some decreased L spine and R shoulder [range of motion]")).

Moreover, as Judge Grand highlighted, there was significant medical evidence in the record that demonstrated how the pain in Plaintiff's neck and shoulder had gotten progressively better over the years. (ECF No. 17, PageID.567–568 (detailing Plaintiff's appointments with his primary care physician, Dr. Tahkar, between July 2018 and May 2020).) By October of 2021, Plaintiff had reported that he was working, helping his son with yardwork, and "denied neck pain, muscle pain, joint pain, bone pain, numbness, [and] tingling." (*Id.* at PageID.568 (citing ECF No. 6-1, PageID.458–459).)

In light of this evidence, the ALJ found that Dr. Serra's opinion that Plaintiff should be "limited to light exertional work" was not persuasive. Plaintiff argues that the ALJ's reasoning in this case is similar to that of the ALJ in *Molly H. v. Commissioner of Social Security*, No. 23-10940, 2024 WL 4172524 (E.D. Mich. Sept. 12, 2024). There the magistrate judge found that the ALJ "mischaracterized" the treating psychologist's opinion and then failed to "adequately explain why he credited two isolated records against the weight of the evidence." *Id.* at *7–8. But here, the ALJ did not mischaracterize Dr. Serra's opinion. Nor did the ALJ ignore the weight of the evidence or overly credit isolated records.

Recall that the ALJ found Dr. Serra's report unpersuasive in part because it relied mainly on one physical examination and "claimant's subjective complaints."

(ECF No. 6-1, PageID.53.) That is an accurate characterization. Indeed, Dr. Serra's physical examination notes say that Plaintiff presented as a "well-developed, well-nourished male in no acute distress" but "*complain[ed] of multiple problems*." (ECF No. 6-1, PageID.412 (emphasis added).) Further, his notes show that he reviewed none of Plaintiff's medical records. In his physical examination, Dr. Serra noted that Plaintiff's "coordination, station, and gait" were all "within normal limits." (*Id.* at PageID.413.) Finally, Dr. Serra stated that Plaintiff had workplace "limitations to traveling and hazards *and the justification is complaints of neck and back*." (*Id.* at PageID.415 (emphasis added).)

Thus, the Court finds that the ALJ properly considered and did not misconstrue Dr. Serra's opinion. The ALJ simply found it unpersuasive—due to the doctor's significant reliance on Plaintiff's verbal complaints and the contradictions between Dr. Serra's opinion and the other medical evidence in the record, including Dr. Williams' and Dr. Pham's opinions. *See Hensley v. Astrue*, 573 F.3d 263, 267 (6th Cir. 2009) (finding that ALJ's must provide "good reasons" for the "weight given" to a medical professional's opinion). This Court does not have the discretion to, as Plaintiff implores, reverse the ALJ's decision simply because it may view the evidence in the record differently; an ALJ's decision cannot be overturned so long as substantial evidence—that is, "relevant evidence [that] a reasonable mind might accept as adequate"—supports its conclusion. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003). Indeed, this Court "must defer to [the ALJ's] decision 'even if there is substantial evidence in the record that would have supported an opposite conclusion,

8

so long as substantial evidence supports the conclusion reached by the ALJ.'" *Id.* (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *see Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) ("And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high.").

Plaintiff's second objection argues that the ALJ violated 20 C.F.R. § 404.1529(c)(4) by not "connect[ing] the dots as to why the Plaintiff's testimony—as to pain in his back with muscle spasms, limited standing or sitting, and difficulty driving—was rejected." (ECF No. 19, PageID.582.) He continues that Judge Grand's "recommended findings cannot properly form the basis for affirmation of the agency's decision." (*Id.*) Again, this Court disagrees.

20 C.F.R. § 404.1529(c)(4) details how an ALJ should "determine the extent to which symptoms, such as pain, affect [a claimant's] ability to perform basic work activities." It explains to a claimant that the ALJ will consider:

> [W]hether there are any inconsistencies in the evidence and the extent to which there are any conflicts between your statements and the rest of the evidence, including your history, the signs and laboratory findings, and statements by your medical sources or other persons about how your symptoms affect you. We will consider your statements about the intensity, persistence, and limiting effects of your symptoms, and we will evaluate your statements in relation to the objective medical evidence and other evidence, in reaching a conclusion as to whether you are disabled.

*Id.* Here, Judge Grand's report and recommendation explained exactly why the ALJ discounted the Plaintiff's testimony—mainly because, again, there were several inconsistencies between Plaintiff's testimony regarding his physical impairments and the medical evidence reviewed by the ALJ. As Judge Grand summarized:

> [T]he ALJ explained that Plaintiff's testimony that he could not work due to the functional limitations caused by his physical impairments was not entirely consistent with record evidence indicating that his neck pain was "stable" and "controlled" with medication, and Plaintiff's report that "he did lose some weight and feels much better after modified to a healthy lifestyle." (ECF No. 6-1, PageID.51.) The ALJ also noted that treatment records showed Plaintiff had been treated on only nine occasions during the relevant time period spanning from July 2019 through March 2022, suggesting that his symptoms were not as persistent or intense as Plaintiff alleged. (*Id.*) Finally, the ALJ discussed Plaintiff's activities of daily living, including reports that he "worked and helped his son in the backyard," that he worked as a "handyman" around his house which at times involved "heaving lifting above his shoulders," and that he "testified he recently started working part-time at Home Depot and/or Lowe's." (*Id.* at PageID.49, 51.)

(ECF No. 17, PageID.574–575 (citation modified).)

Thus, Judge Grand found that the ALJ complied with § 404.1529(c)(4). Indeed, it would seem the ALJ "evaluate[d] [Plaintiff's] statements in relation to the objective medical evidence and other evidence" in the record and determined that Plaintiff's statements were inconsistent. Aside from a general disagreement with this conclusion, Plaintiff does not articulate any specific objection to Judge Grand's analysis. And this Court finds no error.

## IV.

For the foregoing reasons, the Court OVERRULES Plaintiff's objections (ECF No. 19) and ADOPTS the report and recommendation (ECF No. 17). Accordingly, the Court DENIES Plaintiff's motion for summary judgment (ECF No. 12) and GRANTS Defendant's motion for summary judgment (ECF No. 14).

SO ORDERED.

Dated: August 18, 2025

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE